### MANHATTAN LEASING CO. v. WEILL.

(Supreme Court, Appellate Term. April 27, 1906.)

1. JUDGMENT—CONFORMITY TO PLEADINGS—ACTION FOR RENT.

In an action for rent for the month of May, where the defendant pleaded payment to May 1st, of rent this was insufficient to justify a judgment in his favor.

2. EVIDENCE—WEIGHT AND SUFFICIENCY—TESTIMONY OF ADVERSE PARTY.

Under Code Civ. Proc. § 838, providing that the testimony of a party taken at the instance of the adverse party may be rebutted, the testimony of a defendant was not conclusive on the plaintiff, though brought out by him.

[Ed. Note.—For cases in point, see vol. 20, Cent. Dig. Evidence, §§ 2440, 2441.]

3. COSTS—APPEAL.

In an action for rent for the month of May, where the defendant pleaded payment to May 1st, but on the trial insisted on misreading his answer, and judgment was rendered in his favor, on reversal costs will be imposed against him absolutely.

[Ed. Note.—For cases in point, see vol. 13, Cent. Dig. Costs, § 911.]

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by the Manhattan Leasing Company against Henry M. Weill. From a judgment in favor of defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before SCOTT, P. J., and TRUAX and BISCHOFF, JJ

B. H. Arnold, for appellant.

S. A. Singerman, for respondent.

PER CURIAM. The action was for the rent of an apartment for the month of May, and the defendant pleaded payment of rent to May 1st, but not of the rent sued for. At the trial the justice gave judgment for the defendant, upon the ground that the defense of payment was pleaded, and that it was established by the testimony of the defendant; further, that the plaintiff, having brought out the testimony, was concluded by the defendant's statement.

Obviously, the judgment must be reversed. Payment was not pleaded, and the plaintiff was not concluded by the testimony of the adverse party upon a fact material to the issue. Code Civ. Proc. § 838. The attitude of the defendant's counsel at the trial, in insisting upon a misreading of the answer and in moving for judgment upon this frivolous ground, calls for the imposition of costs absolutely.

Judgment reversed, with costs, and a new trial ordered.